IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00129-RLV
(5:03-CR-00004-RLV-8)

| | |
|---|---|
| RODERICK LAMAR WILLIAMS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. No response is necessary from the Government. For the reasons that follow, the § 2255 motion will be dismissed as successive.

On December 19, 2005, Petitioner appeared for his sentencing hearing following a jury trial where he was convicted for conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute a quantity of cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count 6); and two counts of using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting the same, all in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts 7 and 9). Petitioner was sentenced to concurrent terms of life imprisonment on Counts 1 and 6; and a term of 60-months' imprisonment on Count 7 and a term of 300 months' imprisonment on Count 9, with such terms to run consecutively to the terms imposed in Counts 1 and 6 yielding a total of two concurrent terms of life imprisonment plus 360-months in prison. (5:03-CR-00004, Doc. No. 641: Judgment in a Criminal Case).

1

Petitioner's judgment was affirmed in all respects on direct appeal by the United States Court of Appeals for the Fourth Circuit. See United States v. Williams, 225 F. App'x 151 (4th Cir.) (unpublished), cert. denied, 550 U.S. 978 (2007). [1]

Since his judgment has become final, and notwithstanding the present § 2255 motion, Petitioner has filed three § 2255 motions in this district. In Case No. 5:08-CV-00041, the Court dismissed the § 2255 motion on the merits and the Fourth Circuit dismissed his appeal. United States v. Williams, 527 F. App'x 261 (4th Cir. 2013) (unpublished). In Case No. 5:13-CV-00108-RLV, this Court dismissed Petitioner's motion as an unauthorized, successive § 2255 motion, and the Fourth Circuit dismissed his appeal in a per curiam opinion. United States v. Williams, 564 F. App'x 10 (4th Cir. Mar. 31, 2014) (unpublished), petition for cert. filed, (U.S. June 9, 2014) (No. 14-5507). In Case No. 5:14-CV-00081-RLV, this Court again dismissed Petitioner's § 2255 motion after finding it was yet another unauthorized, successive motion. Petitioner appealed and the Fourth Circuit recently dismissed his appeal. Williams v. United States, No. 14-6992, 2014 U.S. App. LEXIS 18466 (4th Cir. filed Sept. 26, 2014).

Petitioner has now filed a fourth § 2255 motion seeking relief from his criminal judgment and he moves the Court to take judicial notice of two court opinions: Burrage v. United States, 134 S.Ct. 881 (2014), and United States v. Eziolisa, No. 3:10-cr-39, 2013 U.S. Dist. LEXIS 102150 (S.D. Ohio. July 22, 2013). As has been explained time and again, this Court may not reach the merits of a successive § 2255 motion unless the Fourth Circuit first grants Petitioner's application for authorization to file a successive § 2255 motion under § 2255(h), and to date, it does not appear that Petitioner has ever filed a petition with the Fourth Circuit in an effort to

---

[1] A full discussion of Petitioner's procedural history in his criminal proceeding and in his first habeas proceeding can be found in Case No. 5:08-CV-00041. (Doc. No. 76: Order).

obtain the necessary authorization.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has again provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file the present § 2255 motion. The Court is therefore without jurisdiction to consider the merits, if any, of the present motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motions for judicial notice are **DENIED**. (Doc. Nos. 2 and 3).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a

obtain the necessary authorization.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has again provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file the present § 2255 motion. The Court is therefore without jurisdiction to consider the merits, if any, of the present motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motions for judicial notice are **DENIED**. (Doc. Nos. 2 and 3).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a

obtain the necessary authorization.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has again provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file the present § 2255 motion. The Court is therefore without jurisdiction to consider the merits, if any, of the present motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motions for judicial notice are **DENIED**. (Doc. Nos. 2 and 3).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: September 30, 2014

Richard L. Voorhees
United States District Judge